1  ROBERT P. TAYLOR (SBN 46046)
   Email: rptaylor@mintz.com
2  BRYAN J. SINCLAIR (SBN 205885)
   Email: bsinclair@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY
   AND POPEO P.C.
4  5 Palo Alto Square; 6th Floor
   3000 El Camino Real
5  Palo Alto, California  94306
   Telephone: (650) 251-7700
6  Facsimile:  (650) 251-7739

7  DEAN G. BOSTOCK (ADMITTED *PRO HAC VICE*)
   Email: dbostock@mintz.com
8  MINTZ LEVIN COHN FERRIS GLOVSKY
   AND POPEO, PC
9  One Financial Center
   Boston, Massachusetts  02111
10 Telephone:  (617) 542-6000
   Facsimile:   (617) 542-2241
11
   Attorneys for Defendant and Counterclaimant,
12 FemSuite, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KARL STORZ ENDOSCOPY AMERICA, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>FEMSUITE, LLC,<br><br>        Defendant. | Case No.: 3:08-CV-03210 VRW<br><br>**DEFENDANT'S ANSWER AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Honorable Vaughn R. Walker<br><br>Complaint filed:   July 3, 2008<br>Trial Date:          None set |
| FEMSUITE, LLC,<br><br>        Counterclaimant,<br><br>    v.<br><br>KARL STORZ ENDOSCOPY AMERICA, INC.,<br><br>        Counter-Defendant. | |

DEFENDANT'S ANSWER AND COUNTERCLAIMS          Case No. 08-CV-03210 VRW

Defendant and Counterclaimant, FemSuite, LLC ("FemSuite"), hereby answers the complaint of, and counterclaims against, Plaintiff and Counter-Defendant, Karl Storz Endoscopy America, Inc. ("KSEA"), as follows:

## THE PARTIES

1. FemSuite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint and therefore denies same.

2. Admitted.

## JURISDICTION

3. FemSuite admits that KSEA purports to bring this action under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.*, and seeks injunctive relief and damages under 35 U.S.C. §§ 283-285. All other allegations of fact set forth in paragraph 3 are denied.

4. FemSuite admits that it is subject to personal jurisdiction in this District because of FemSuite's continuous and systematic business activities within this District and FemSuite's maintenance of a place of business in this District. All other allegations of fact set forth in paragraph 4 are denied.

## VENUE

5. FemSuite admits that venue is proper in this judicial District pursuant to 28 U.S.C., §§ 1391(b) and 1400(b) due to FemSuite's residence herein. All other allegations of fact set forth in paragraph 5 are denied.

## INTRADISTRICT ASSIGNMENT

6. The allegations of paragraph 6 are procedural and/or legal in nature to which no response is required.

## COUNT I

7. FemSuite admits that a document purporting to be a copy of U.S. Patent No. 5,166,787 ("the '787 patent") is attached as Exhibit A to the complaint. FemSuite is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 and therefore denies same.

8. Denied.

9. FemSuite admits that a copy of a screen from www.FemSuite.com is attached as Exhibit B to the complaint. All other allegations of fact set forth in paragraph 9 are denied.

10. Denied.

11. Denied.

12. FemSuite admits that a copy of a page of a FemSuite document is attached as Exhibit C to the complaint. All other allegations of fact set forth in paragraph 12 are denied.

13. Denied.

14. Denied.

15. Denied.

16. FemSuite admits that what purports to be a copy of the '787 patent is attached as Exhibit A to the complaint. All other allegations of fact set forth in paragraph 16 are denied.

17. Denied.

## AFFIRMATIVE DEFENSES

18. FemSuite hereby asserts the following affirmative defenses and reserves its rights to assert in the future such other and further defenses as may become available or apparent during the course of discovery or pretrial proceedings in this case.

## FIRST AFFIRMATIVE DEFENSE

19. The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

20. The actions complained of in the complaint fall within the "Safe Harbor" provision of the patent laws of the United States, 35 U.S.C. § 271(e)(1), and therefore cannot constitute any act of patent infringement.

## THIRD AFFIRMATIVE DEFENSE

21. FemSuite has not infringed any valid and/or enforceable claim of the '787 patent.

## FOURTH AFFIRMATIVE DEFENSE

22. Upon information and belief, the '787 patent is invalid under one or more provisions of the patent laws of the United States, including 35 U.S.C. §§101, 102, 103, 112, and/or 116.

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

23. KSEA is barred from asserting any range of equivalents by the doctrine of prosecution history estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

24. KSEA's complaint is barred by the doctrine of unclean hands.

**COUNTERCLAIMS**

**The Parties**

25. FemSuite is a limited liability company organized and existing under the laws of the State of Delaware having a principal place of business at 16A Funston Avenue, San Francisco, California 94129.

26. Upon information and belief, KSEA is a corporation organized and existing under the laws of California having its principal place of business at 600 Corporate Pointe, Culver City, California 90230.

**Jurisdiction and Venue**

27. These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq*. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. There is an actual controversy between KSEA and FemSuite concerning the alleged infringement, validity, scope, and enforceability of the '787 patent.

28. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because KSEA resides in this judicial district and because KSEA has submitted to the jurisdiction of this Court by filing the complaint against FemSuite.

**COUNT I**
**(Declaratory Judgment - Noninfringement)**

29. FemSuite incorporates by reference paragraphs 25-28 above.

30. KSEA alleges that FemSuite has infringed and/or is infringing the '787 patent. FemSuite denies that it infringes and/or has infringed any valid, enforceable claim of the '787 patent. Therefore, a real and immediate justiciable controversy exists between the parties.

31. FemSuite is not infringing, and has not infringed, the '787 patent and FemSuite is

1  entitled to a declaratory judgment to that effect.

## COUNT II
### (Declaratory Judgment - Invalidity)

32. FemSuite incorporates by reference paragraphs 25-31 above.

33. By filing the complaint herein, KSEA asserts that the claims of the '787 patent are valid and enforceable. FemSuite denies that the claims of the '787 patent are valid or enforceable. Therefore, a real and immediate justiciable controversy exists between the parties.

34. One or more claims of the '787 patent is/are invalid and unenforceable and FemSuite is entitled to a declaratory judgment to that effect.

## COUNT III
### (Declaratory Judgment - Exceptional Case)

35. FemSuite incorporates by reference paragraphs 25-34 above.

36. FemSuite and KSEA both attended the Annual Clinical Meeting of the American College of Obstetrics and Gynecology in New Orleans, Louisiana in May, 2008 ("ACOG Meeting").

37. On the Monday of the ACOG meeting, Howard Klymas and Lindsay Philbrick of KSEA visited with Jerry Sanders of FemSuite at the FemSuite booth. During that visit, Ms. Philbrick asked Mr. Sanders how FemSuite was doing with the FemEye Two device. In response, Mr. Sanders informed Ms. Philbrick and Mr. Klymas that FemSuite was not selling the device and that the device was not approved by the Food and Drug Administration.

38. KSEA asserts that the FemEye Two medical device identified in the complaint infringes the '787 patent. At the time KSEA filed the complaint herein, KSEA knew or should have known that the claims of the '787 patent do not cover the FemEye Two medical device identified in the complaint and that FemSuite's activities fall within the Safe Harbor of 35 U.S.C. § 271(e)(1). Therefore a real and immediate justiciable controversy exists between the parties.

39. KSEA had no reasonable basis for filing the complaint herein and its filing of the complaint herein and maintenance of this action fails to comply with the requirements of Fed. R. Civ. P. 11. FemSuite is entitled to a declaratory judgment to that effect and a declaration that this is an exceptional case warranted an award of fees and expenses pursuant, *inter alia*, to

1  35 U.S.C § 285 and/or 28 U.S.C. § 1927.

## PRAYER FOR RELIEF

**WHEREFORE,** FemSuite prays that the Court:

A. dismiss the complaint with prejudice;

B. enter judgment in favor of FemSuite on all counts of the complaint;

C. declare that FemSuite does not infringe, and has not infringed, the '787 patent;

D. declare that the asserted claims of the '787 patent are not valid;

E. declare that this is an exceptional case;

F. enter judgment in favor of FemSuite on its counterclaim for abuse of process;

G. award FemSuite its costs and reasonable attorneys' fees incurred herein, and

H. award FemSuite such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

FemSuite demands trial by jury on all issues so triable.

Dated: January 7, 2009        MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

/s/ Robert P. Taylor

By:  ROBERT P. TAYLOR
     Attorneys for Defendant and Counterclaimant,
     FemSuite, LLC

*OF COUNSEL:*
Dean G. Bostock (ADMITTED *PRO HAC VICE*)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, PC
One Financial Center
Boston, Massachusetts  02111